OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant was arrested on February 21, 2002, charged with possession of an obscene sexual performance of a child, and *204 placed in custody. On or about February 25, 2002 a preliminary hearing was scheduled before the local criminal court for the Village of Catskill. At that time the People tendered a plea bargain offer, subject to approval of County Court, which the defendant indicated a desire to accept. Defendant accordingly waived a preliminary hearing and was held for action of the grand jury, while papers were forwarded to County Court. On March 12, 2002 a conference was held in County Court, at which time this court withheld approval of the proposed disposition pending a further report from the People. Subsequently the People tendered a new offer which has been neither accepted nor rejected, and the matter has been placed on the court’s calendar for April 9. No grand jury presentment or indictment has occurred. Defendant now brings on by order to show cause the present application to be released in his own recognizance pursuant to CPL 190.80 for failure of timely grand jury action. The People oppose the application.
CPL 190.80 provides for release of a defendant “who on the basis of a felony complaint has been held by a local criminal court for the action of a grand jury, and who, at the time of such order or subsequent thereto, has been committed to the custody of the sheriff pending such grand jury action, and who has been confined in such custody for a period of more than forty-five days * * * without the occurrence of any grand jury action * * * .”
Defendant argues that the 45-day period commenced on the date of his arrest and expired on April 7. The People contend however that the 45-day period specified in CPL 190.80 commences to run not upon defendant’s arrest but only upon a defendant being “held” for grand jury action by a local criminal court, and that it consequently will expire in defendant’s case no sooner than April 11. Secondly, the People contend that the lack of a grand jury disposition during the period of defendant’s confinement has been due to defendant’s own “action” in joining with the People in seeking approval of the proposed plea bargain (CPL 190.80 [a]).
Counsel has cited and research discloses no case definitively settling the question of when the 45-day period specified in CPL 190.80 commences.
The key language of the statute speaks of a defendant who has been “held” for grand jury action by order of the local criminal court who, “at the time of such order or subsequent thereto, has been committed to the custody of the sheriff,” and who has *205 been confined in “such custody” for more than 45 days without grand jury action. (Emphasis supplied.) It appears plain that the term “such custody” here means" not “custody since the time of defendant’s arrest,” but rather “custody since the time of the order holding defendant for action of the grand jury, or since such later time as defendant was committed to custody.”
Further, a defendant who waives a preliminary hearing on felony charges ordinarily is immediately ordered “held” for grand jury action by the lower court (CPL 180.30 [1]), unless that court first “makes inquiry” with respect to reducing the charges (CPL 180.30 [2]) after which inquiry, if no reduction occurs, the defendant also is required to be “held” for action of the grand jury (CPL 180.50 [4]). As the People correctly observe, while a defendant is awaiting proceedings in local court, timeliness is enforced by a separate section of law which provides for release of a defendant held in custody awaiting disposition of a felony complaint or a hearing thereon for more than 120 (or 144) hours (CPL 180.80). The essential question presented here is whether the time periods of CPL 180.80 and 190.80 commence simultaneously at the time of arrest and run concurrently, or whether one period is intended to follow the other.
Commentary to CPL 190.80 states that, “This section is designed to prevent unreasonably long detention of a defendant awaiting grand jury action. It applies to those defendants who have either had or waived a local criminal court reasonable cause hearing at a prior stage. A fuller picture of the provisions requiring release where there is unreasonable delay in moving to the next stage of a criminal proceeding can be gleaned by considering this section in conjunction with CPL 180.80 (delay in determining whether defendant should be held for the grand jury) and CPL 30.30[2(a)] (prosecutorial delay in readiness for trial).” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.80, at 362-363 [emphasis supplied].)
Similarly, Commentary to CPL 180.80 states, “Delay in grand jury action following a preliminary hearing, or where a hearing has been waived, is dealt with under the provisions of CPL 190.80.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.80, at 175 [emphasis supplied].)
The court concurs with the People, and with the interpretation of the above commentator, that the 45-day period of CPL 190.80 commences with the local criminal court’s order holding *206 defendant for the grand jury, or from defendant’s commitment to custody, whichever is later. Defendant’s application for release is thus premature, and is accordingly denied. In view of this result, the court does not reach the issue of whether lack of grand jury action to date is attributable to defendant’s own action.